UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-

MALIK R. STRIDER,

                Defendant.

-----------------------------------------------------------------X

FILED
CLERK

3:10 pm, Jun 14, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**

21 CR 004 (GRB)

**GARY R. BROWN, United States District Judge:**

Pending before the Court is a motion by the defendant for a compassionate release under the First Step Act primarily based upon the following claims: family circumstances, COVID risks and related prison conditions, the existence of a statutory minimum, remaining time to be served (24 months) and rehabilitation including a commendable prison disciplinary record. For the reasons that follow, the application is DENIED.

*Standard of Review*

The standard of review pertaining to such applications has been thoughtfully described by Judge Ross in *United States v. Thrower*, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020), as follows:

> The First Step Act allows criminal defendants to move for "[m]odification of an imposed term of imprisonment" before a federal sentencing court. 18 U.S.C. § 3582(c). To qualify for such relief, defendants must show: (1) that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf," or that thirty days have lapsed "from the receipt of such a request by the warden of [their] facility, whichever is earlier"; (2) that "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment; (3) that these reasons outweigh "the factors set forth in section 3553(a) to the extent that they are applicable"; and (4) that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A); *see United States v. Cato*, No. 16-CR-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (noting that defendant bears the burden of proof). "Even if a defendant carries this burden, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *Cato*, 2020 WL 5709177, at *3 (internal quotation marks omitted).

Accordingly, in determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that defendants present to support a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 236-37 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation ... alone shall not be considered an extraordinary and compelling reason.'" *Id.* at 238 (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission's policy statement explicating "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) is not binding on a district court, *see id.* at 235-36, but it does provide some guidance. Where a defendant seeks a sentencing modification due to medical conditions, the Sentencing Commission suggests that "extraordinary and compelling reasons" may exist in two scenarios. First, "[a] defendant is suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." *U.S. Sentencing Comm'n*, U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1(A)(i) (2018) ("U.S.S.G."). Second, "[a] defendant is ... suffering from a serious physical or medical condition, ... suffering from a serious functional or cognitive impairment, or ... experiencing deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [the defendant] is not expected to recover." *Id.* cmt. 1(A)(ii). In any scenario, "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." *Id.* cmt. 2.

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] ....
> (5) any pertinent [Sentencing Commission] policy statement ....
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.
> Id. § 3553(a).

A sentence reduction is consistent with the Sentencing Commission's policy statements if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The § 3142(g) factors are largely duplicative of those in § 3553(a), but they also include "whether the offense is a crime of violence" and "the weight of the evidence against the [defendant]." 18 U.S.C. § 3142(g)(1)–(4).

*Discussion*

In reviewing this application, this Court has exercised its discretion, as clearly defined in *Brooker*, to consider the full slate of arguments raised by defendant while being mindful of the statutory factors found in 18 U.S.C. § 3553.  *See United States v. Rosario*, 2020 WL 3100461, at *1 (S.D.N.Y. June 11, 2020) ("Assuming the confluence of Mr. Rosario's medical conditions and the BOP's handling of the pandemic presents 'extraordinary and compelling reasons' to reduce his sentence, 18 U.S.C. § 3582(c)(1)(A)(i), the Court nonetheless finds that the factors set forth in 18 U.S.C. § 3553(a) outweigh those reasons and mitigate against a reduction in his original sentence.").  Additionally, the Court has accorded this *pro se* motion the solicitude required under the law.  The Government has filed a thorough and persuasive opposition to this application.

On the merits, the motion simply fails.  The Court sentenced Strider to the minimum term under the statute – five years – a substantial portion of which remains.  The underlying conduct, to wit: possessing a firearm in furtherance of a drug trafficking crime, constitutes significant criminal conduct.  The issues cited by defendant, singly or in combination, do not satisfy the standard for the "extraordinary circumstances" warranting relief or otherwise overcome the § 3553(a) factors.

**CONCLUSION**

Based on the foregoing, defendant's application for a compassionate release under § 3582 is DENIED.  The Clerk is to provide a copy of this decision to the defendant and close the file.


Dated: Central Islip, NY
June 14, 2023

   /s/ Gary R. Brown
Hon. Gary R. Brown
United States District Judge